31 C.C.P.A.(Patents)

## In re HASS et al.

### Patent Appeal No. 4820.

Court of Customs and Patent Appeals.

Feb. 7, 1944.

See, also, 141 F.2d 122; 141 F.2d 130.

Henry C. Parker, of Washington, D. C. (John Boyle, Jr., of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 4, inclusive) in appellants' application for a patent for an alleged invention relating to new and useful nitroolefins.

The claims read:

"1. A nitroolefin having the general formula:

$$H \quad NO_2$$
$$| \quad |$$
$$R - C = C - R^1$$

wherein R is a member of the group consisting of hydrogen, aryl, and alkyl, and $R^1$ is an alkyl group having in excess of one carbon atom.

"2. 3-Nitro-2-pentene.
"3. 3-Nitro-2-hexene.
"4. 1-Phenyl-2-nitro-1-butene."

The references cited in the record and relied upon by the Primary Examiner are: Beilstein's "Handbuch", 4th. Ed. (1918), Vol. I, page 213; Beilstein's "Handbuch", 4th. Ed., Vol. V, page 483; Knoevenagel et al. "Ber. Deutsch. Chem. Ges." Vol. 37, page 4507 (1904); Priebs, "Liebig's Annalen", Vol. 225, pages 321–324, 353–354 (1884).

Claim 1 is generic and covers the compounds of claims 2, 3, and 4.

The formula for claim 1 is:

$$H \quad NO_2$$
$$| \quad |$$
$$R - C = C - R^1$$

wherein R, as stated in the claim, represents hydrogen, aryl, or alkyl, and $R^1$ represents an alkyl group having more than one carbon atom.

Claims 2 and 3 were rejected by the tribunals of the Patent Office as not reading on the elected species covered by claim 4, no generic claim having been allowed.

The Primary Examiner rejected claim 1 on each of the references of record, and claim 4 on Beilstein's "Handbuch," Vol. V, Knoevenagel et al., and Priebs.

It is agreed by counsel that the structural formula for the compound of claim 4 (1-phenyl-2-nitro-1-butene) is:

$$C_6H_5 - \overset{\overset{\displaystyle H}{\displaystyle |}}{C} = \overset{\overset{\displaystyle NO_2}{\displaystyle |}}{C} - CH_2 - CH_3$$

The Priebs reference discloses the compound phenyl nitroethylene, referred to by the Primary Examiner as "1-phenyl-2-nitro-1-ethene," having the structural formula

$$C_6H_5 - \overset{\overset{\displaystyle H}{\displaystyle |}}{C} = \overset{\overset{\displaystyle NO_2}{\displaystyle |}}{C} - H,$$

and the compound phenyl nitropropylene, referred to by the Primary Examiner as "1-phenyl-2-nitro-1-propene," having the structural formula

$$C_6H_5 - \overset{\overset{\displaystyle H}{\displaystyle |}}{C} = \overset{\overset{\displaystyle NO_2}{\displaystyle |}}{C} - CH_3.$$

In connection with the Priebs reference, the Primary Examiner said:

"If the formulae of Priebs' products are compared with that of the product of claim 4, and if all these products are named according to the same system of nomenclature, it becomes apparent that the claimed product [the product of claim 4] is the next higher homologue to the two products of Priebs: * * *"

The examiner further stated that—

" * * * The product of claim 4 would seem to be similar in chemical behavior to the two lower homologues known to the prior art. The fact that the claimed product is novel is not in itself believed to indicate patentability over the next adjacent lower homologues. Applicants have not demonstrated that the product has any unexpected, unobvious property or utility.

"The generic claim, claim 1, reads on the species of claim 4, and is rejected on the same grounds as claim 4.

* * * * * * *

"Applicants' position appears to be that the claimed products are patentable simply because they are novel, that novelty in itself indicates invention in the discovery. The Examiner's position is that where the next adjacent homologues of the claimed compounds, and isomers thereof, are known, and there is no evidence that the claimed compounds behave differently from the known compounds or have any utility or properties which would be unobvious from a knowledge of the utility and properties of the claimed [known] compounds, the claims are unpatentable, cf. In re Wietzel and Michael, 400 O.G. 463. Applicants' theory, if carried to its logical conclusion, would permit a patent for each of the tens of thousands of isomers and homologues of known compounds, merely because they had been produced for the first time, even if no invention were exhibited in their preparation. The patent statutes are not believed to contemplate such a result."

The examiner also stated that the Knoevenagel et al. reference disclosed a compound identical with the compound phenyl nitropropylene, disclosed in the Priebs reference as appears from Beilstein's "Handbuch" Vol. V, page 483; that appellants' method of producing the compound of claim 4 was similar to the method disclosed in the Knoevenagel et al. reference; that additional methods were disclosed for making the identical product in Beilstein's "Handbuch" Vol. V reference; and that the reference Beilstein's "Handbuch" Vol. I disclosed an isomer of the compound 3-nitro-2-pentene, the species claimed in claim 2.

Subsequent to the examiner's statement to the Board of Appeals, counsel for appellants filed an affidavit of Henry B. Hass, one of the joint applicants, wherein it was stated, in substance, that the disclosure in the reference Beilstein's "Handbuch" Vol. I, page 213, was based on an article of one Haitinger in Monatschefte für Chemie, 2, 290 (1881); that affiant obtained a copy of the original Haitinger article; and that the article failed in many important particulars to supply information which would enable affiant or anyone skilled in organic chemistry to produce the compound 2-methyl-3-nitro-2-butene, disclosed in the reference Beilstein's "Handbuch" Vol. I, which the Primary Examiner held was isomeric with the compound 3-nitro-2-pentene of claim 2. Affiant further stated, however, that under his direction one H. W. Jacobson, a skilled organic chemist, prepared the compound 2-methyl-3-nitro-2-butene by another method.

In its decision affirming the decision of the Primary Examiner, the Board of Appeals said that the compounds disclosed in the Priebs reference were the "next lower homologues to the claimed product as pointed out by him. Furthermore, the claimed product is made by a method similar to that of Knoevenagel." The board further said:

"In the present instance the prior art concededly discloses closely related homologues to the specific product mentioned in claim 4. The examiner takes the ground in view of Wietzel and Michael [In re Rudolph Wietzel and Wilhelm Michael, 17 C.C.P.A. (Patents) 1079, 39 F.(2d) 669], that claims involving products so closely related should not be allowed merely on the theory that they are new products. Concededly, appellants' products are closely related and produced by similar methods to those defined in the prior art. Furthermore, appellants have not discussed any unexpected or unobvious property or utility of their product."

Although counsel for appellants here concedes that the Priebs reference discloses the compounds hereinbefore referred to, which the tribunals of the Patent Office held were homologous to the compound 1-phenyl-2-nitro-1-butene of claim 4, and also concedes that the compound 1-phenyl-2-nitro-1-propene, disclosed in the Priebs reference, is homologous to the compound claimed in claim 4, it is argued by counsel that the other compound disclosed by Priebs (1-phenyl-2-nitro-1-ethene) is not homologous to the compound covered by claim 4.

Apparently no such argument was made before the tribunals of the Patent Office, and, although an affidavit was filed by one of the joint applicants (Henry B. Hass) for the purpose of establishing that Beilstein's "Handbuch" Vol. I was not a proper reference for the claims on appeal, no claim is made in that affidavit, nor is there anything else of record to indicate that the Primary Examiner was wrong in holding that the compound of claim 4 was the next higher homologue to the two compounds disclosed in the Priebs reference.

■ It is also contended here by counsel for appellants that all "novel chemical compounds are in general patentable over their isomers and homologues," and that appellants ought not to be required, in order to sustain the patentability of the claims here on appeal, to establish that the compounds covered by those claims possess some unexpected or unobvious property or utility not possessed by the homologous compounds disclosed in the prior art—Priebs. That issue is disposed of in the case of In re Henry B. Hass and Alfred G. Susie (Patent Appeal No. 4819), 31 C.C.P.A. (Patents) ——, 141 F.2d 122 (a companion appeal, decided concurrently herewith), contrary to the views urged upon us here by counsel for

appellants. For the reasons stated in our decision in that case, we are of opinion that the tribunals of the Patent Office were right in holding that, in order to be patentable, novel members of a homologous series of compounds must possess some unobvious or unexpected beneficial properties not possessed by homologous compounds disclosed in the prior art.

Whether novel chemical compounds are patentable over prior art isomers and homologues, is a question to be determined in each case.

It is not contended here by counsel for appellants that the homologous compounds disclosed in the Priebs reference would not suggest to one skilled in the art the compound of claim 4, or that that compound has any unexpected or unobvious properties not known to be possessed by the prior art compounds. On the contrary, it is the contention of counsel for appellants that novelty alone is sufficient to lend patentability to the claims on appeal.

■ It is elementary that novelty alone is not sufficient to impart patentability to a claim. Invention must be present. See Thompson v. Boisselier, 114 U.S. 1; In re Lincoln et al., 29 C.C.P.A. (Patents) 942, 126 F.(2d) 477, 53 USPQ 40; Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 51 USPQ 272.

Counsel for appellants challenges the correctness of our decision in the case of In re Rudolph Wietzel and Wilhelm Michael, 17 C.C.P.A. (Patents) 1079, 39 F.2d 669, which was cited and relied upon by each of the tribunals of the Patent Office in the instant case.

In the Wietzel and Michael case, supra, certain process claims, relating to the manufacture of formamid and hydrocyanic acid, were involved. The claims were rejected on prior art.

In that case, counsel for appellants argued in this court that the decision of the Board of Appeals was based on either presumptions or assumptions.

In reply to that argument, we said:

" * * * It is true that, in referring to the authorities cited as references, the board said:

"We consider these disclosures sufficient to raise a presumption at least that the reactions disclosed would apply to formamid and to hydrocyanic acid as the nitrile of formic acid.

"However, the meaning and purpose of this observation is made clear by the language immediately following:

"And, where there is no real reason to suppose that the result would not be produced, there is no invention in trying it and finding out that the process is successful."

In our decision in that case, we approved the board's holding that as there was no real reason to suppose that the desired results would not be obtained by carrying out the process suggested by the references of record, there was no invention in carrying out such process and finding it to be successful. We adhere to the views there expressed. See In re Von Bramer et al., 29 C.C.P.A. (Patents) 1018, 1023, 127 F. (2d) 149.

For the reasons stated, we are of opinion that claim 4 is not patentable over the references of record, and, as the compound of claim 4 is covered by the generic claim (claim 1), claim 1 is also unpatentable. No generic claim having been allowed, and as claims 2 and 3 do not read on the elected species, they were properly rejected.

The decision of the Board of Appeals is affirmed.

Affirmed.